UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JEROME WILLIAMS,

Plaintiff,

v.

ELENA TOOTELL, M.D., et al.,

Defendants.

Case No. 15-cv-01995-DMR (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his safety and medical needs. Plaintiff has consented to magistrate judge jurisdiction. Dkt. 1 at 11. Therefore, this matter has been assigned to the undersigned Magistrate Judge. Dkts. 5, 6.

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at SQSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: SQSP Chief Medical Executive Elena Tootell, M.D.; SQSP Deputy Director of Policy and Risk Management Services J. Lewis; and California Department of Corrections and Rehabilitation ("CDCR") Receiver J. Clark Kelso. Plaintiff seeks monetary damages and declaratory relief.

## BACKGROUND

Plaintiff claims that he suffers from a "brain injury" that resulted from when he was "hit twice in the head with a metal baseball bat during a prison riot" on October 11, 2011, while he was housed at a "California out-of state prison." Dkt. 1 at 3-4. Plaintiff was then "sent back to

California," and he was housed at Centinela State Prison where he was "given a Comprehensive Accommodation Chrono [("chrono")] stating that [he is] to be housed in a ground floor cell on the bottom bunk." *Id.* at 4. Due to his brain injury, Plaintiff claims that he has "problems walking down the stairs inside the housing unit and that [his] balance being off and the dizzy spells [are] ongoing." *Id.* at 4.

Plaintiff claims that he was transferred to SQSP on December 12, 2012 and issued a chrono that he "was to be housed on the first, second or third tier, and on the bottom bunk." *Id.* He claims he was housed on a "ground floor cell already [and he] would not be moved to an upper tier cell." *Id.*

Because chronos are only good for one year, Plaintiff claims that on October 15, 2013, his primary care physician submitted a request to renew his chrono for a bottom bunk and lower tier cell. *Id.* On October 17, 2013, Defendant Tootell denied the request. *Id.* Plaintiff filed a 602 inmate appeal, and Defendant Tootell partially granted at the second level of review because his previous chrono had been approved on January 10, 2013, and was still valid because the year-long time frame had not expired. *Id.* at 4-5. Before Plaintiff pursued his 602 appeal to the third level of review, he was given a three-month chrono in January of 2014, stating that he was "to be housed on the lower tier and on the bottom bunk." *Id.* at 5. On April 11, 2014, Defendant Lewis denied Plaintiff's 602 appeal at the third and final level of review upon finding that "no intervention at the Director's Level of Review [was] necessary as [Plaintiff's] medical condition has been evaluated and [he was] receiving treatment deemed medically necessary." *Id.*; Dkt. 1-5 at 3, 10-11, 13-14.

When his three-month chrono expired, Plaintiff claims that on April 14, 2014, he "went before the Chrono Committee" to be evaluated for a "lower bunk chrono." Dkt. 1 at 5. On April 24, 2014, Plaintiff received the committee's decision stating that he "did not meet the criteria for a lower bunk." *Id.* Plaintiff filed another 602 appeal; however, the appeal was denied on all three levels. *Id.*

After his aforementioned 602 appeal was denied on all levels, Plaintiff wrote to the Prison Law Office "seeking help for [his] medical issue." *Id.* at 8. On May 12, 2014, the Prison Law Office "sent [Defendant] Kelso a letter raising the medical issue [Plaintiff] was having with the

1    chronos being denied." *Id.*; Dkt. 1-9 at 2.  There is nothing in the record showing that Defendant
2    Kelso responded to the May 12, 2014 letter.
3          On July 2, 2014, Plaintiff was moved from the first tier to the fourth tier because he did not
4    have a lower tier chrono.  Dkt. 1 at 6.
5          On July 3, 2014, Plaintiff "fell down the stairs from the third tier to the second tier due to
6    [his] equilibrium being off and becoming dizzy, and [his] left leg twisting out." *Id.*  He adds that
7    "[d]uring the fall . . . [he] struck the back of his head on the stairs, [he] injured [his] lower back,
8    [his] right hand and the front of his right foot." *Id.*  Plaintiff was treated for his injuries from the
9    fall. *Id.*  On July 10, 2014, Plaintiff was given a lower tier chrono that was "good for only a year."
10   *Id.*  Plaintiff claims his request for a permanent lower tier, bottom bunk chrono was denied. *Id.*

# DISCUSSION

## I.   STANDARD OF REVIEW

13         A federal court must conduct a preliminary screening in any case in which a prisoner seeks
14   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
15   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims
16   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
17   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*
18   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
19   Cir. 1988).
20         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
21   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
22   the alleged violation was committed by a person acting under the color of state law.  *West v.*
23   *Atkins*, 487 U.S. 42, 48 (1988).

## II.  DELIBERATE INDIFFERENCE CLAIMS

### A.   Safety Needs

26         The Eighth Amendment's prohibition of "cruel and unusual punishments" imposes a duty
27   on prison officials to, among other things, "'take reasonable measures to guarantee the safety of
28   the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468

3

1  U.S. 517, 526-27 (1984)).  A prison official violates the Eighth Amendment only when two

2  requirements are met: (1) the deprivation is, objectively, sufficiently serious; and (2) the prison

3  official is, subjectively, deliberately indifferent to inmate safety.  *See Farmer*, 511 U.S. at 834.

4  The test for deliberate indifference is the same as criminal recklessness, i.e., the official must

5  actually know of and disregard an excessive risk to inmate safety.  *See id.* at 837.  The official

6  "must both be aware of facts from which the inference could be drawn that a substantial risk of

7  serious harm exists, and he must also draw the inference."  *Id.*  Neither negligence nor gross

8  negligence constitutes deliberate indifference.  *See id.* at 835-36 & n.4; *Estelle v. Gamble*, 429

9  U.S. 97, 106 (1976).

10  Liberally construed, the complaint states a claim for deliberate indifference to Plaintiff's

11  safety needs against Defendant Tootell stemming from her denial of Plaintiff's bottom bunk,

12  lower tier chrono, which Plaintiff claims proximately caused his July 3, 2014 fall.  Plaintiff claims

13  that Defendants Lewis and Kelso were aware of Defendant Tootell's failure to grant Plaintiff's

14  chrono, but they failed to act to remedy this problem.  Dkt. 1 at 7-8.  Therefore, the complaint also

15  states a deliberate indifference to safety claim against Defendants Lewis and Kelso.

16  **B.   Medical Needs**

17  Deliberate indifference to serious medical needs violates the Eighth Amendment's

18  proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104

19  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*,

20  *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v.*

21  *Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves

22  an examination of two elements: the seriousness of the prisoner's medical need and the nature of

23  the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious" medical

24  need exists if the failure to treat a prisoner's condition could result in further significant injury or

25  the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104).

26  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial

27  risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer*

28  *v. Brennan*, 511 U.S. 825, 837 (1994).

As mentioned above, Plaintiff alleges that he suffers from a brain injury. Dkt. 1 at 3. Plaintiff claims that his requests for a bottom bunk, lower tier chrono were denied by Defendant Tootell, and that Defendants Lewis and Kelso were aware of his need for such chronos but they did nothing to "curb the denials of the needed medical chronos." *Id.* at 9. Because Plaintiff was denied such chronos, he "suffered further injury" due to the July 3, 2014 fall. *Id.* Plaintiff also claims that he suffers "physical and emotional pain and injury." *Id.*

Liberally construed, the complaint states cognizable Eighth Amendment claims against Defendants Tootell, Lewis and Kelso for deliberate indifference to Plaintiff's serious medical needs.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff complaint states cognizable claims of deliberate indifference to his safety and medical needs against Defendants Tootell, Lewis and Kelso.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to: the following Defendants at SQSP: **Chief Medical Executive Elena Tootell, M.D. and Deputy Director of Policy and Risk Management Services J. Lewis**; as well the following Defendant at CDCR in Sacramento: **Receiver J. Clark Kelso**.

The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date

that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.  **Defendants shall also respond to the Notice of Assignment of Prisoner Case to a United States Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

    4.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a.    No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1  F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
2  remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
3  defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on
4  the face of the complaint, Defendants must produce evidence proving failure to exhaust in a
5  motion for summary judgment under Rule 56. *Id.*  If undisputed evidence viewed in the light most
6  favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment
7  under Rule 56. *Id.*  But if material facts are disputed, summary judgment should be denied and the
8  district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at
9  1168.

10  If Defendants are of the opinion that this case cannot be resolved by summary judgment,
11  they shall so inform the court prior to the date the summary judgment motion is due.  All papers
12  filed with the court shall be promptly served on Plaintiff.

13  b.  Plaintiff's opposition to the dispositive motion shall be filed with the court
14  and served on Defendants no later than **twenty-eight (28) days** after the date on which
15  Defendants' motion is filed.

16  c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of
17  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
18  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
19  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
20  any fact that would affect the result of your case, the party who asked for summary judgment is
21  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
22  makes a motion for summary judgment that is properly supported by declarations (or other sworn
23  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
24  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
25  as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and
26  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
27  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
28  If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154

F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.    All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. *See* L.R. 3-11(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated:  October 9, 2015

_____
DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JEROME WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>E. TOOTELL, et al.,<br><br>    Defendants. | Case No.  4:15-cv-01995-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 9, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Jerome Williams  
T-30101  
San Quentin State Prison  
1 Main Street  
San Quentin, CA 94974


Dated: October 9, 2015

                                              Susan Y. Soong  
                                            Clerk, United States District Court

                                            By:_____  
                                            Ivy Lerma Garcia, Deputy Clerk to the  
                                            Honorable DONNA M. RYU