UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JEROME WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ELENA TOOTELL, M.D., et al.,<br><br>Defendants. | Case No. 15-cv-01995-DMR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; DENYING HIS REQUEST FOR EXTENSION OF TIME; AND SETTING NEW BRIEFING SCHEDULE** |

Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his safety and medical needs. Plaintiff and Defendants have consented to magistrate judge jurisdiction. Dkt. 1 at 11; Dkts. 22, 26. Therefore, this matter has been assigned to the undersigned Magistrate Judge. Dkts. 5, 6. In an Order dated October 9, 2015, the court issued its Order of Service. Dkt. 9. On December 8, 2015, Defendant J. Clark Kelso filed an answer to the complaint.[1] Dkt. 21.

Before the court is Plaintiff's motion for appointment of counsel to represent him in this action. Dkt. 27. Also before the court is Plaintiff's motion for an extension of time to prepare a response to Defendant Kelso's answer. Dkt. 28.

**PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to

---

[1] Defendants E. Tootell and J. Lewis have waived their right to file a reply to the complaint under 28 U.S.C. § 1997e(g). Dkts. 23, 24.

counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id*.

The court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am*., 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel is DENIED without prejudice.[2]  Dkt. 27.

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Plaintiff's motion for an extension of time to prepare a response to Defendant Kelso's answer is DENIED. Dkt. 28. Plaintiff need not respond to Defendant Kelso's answer.

## NEW BRIEFING SCHEDULE

In order to expedite the resolution of this case, the court issues a new briefing schedule. Defendants shall serve and file a joint motion for summary judgment or other joint dispositive motion by no later than **February 15, 2016**. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.

---

[2] This does not mean, however, that the court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendants have filed their dispositive motion such that the court will be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

Plaintiff's opposition to the joint dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' joint dispositive motion is filed.

Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

This Order terminates Docket Nos. 27 and 28.

IT IS SO ORDERED.

Dated: January 20, 2016

_____
DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JEROME WILLIAMS,

    Plaintiff,

v.

E. TOOTELL, et al.,

    Defendants.

Case No.  4:15-cv-01995-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 20, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Jerome Williams
T-30101
San Quentin State Prison
1 Main Street
San Quentin, CA 94974

Dated: January 20, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

4